```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION


Howard Boddie, Jr.,            :

        Plaintiff,              :     Case No. 2:17-cv-24

    v.                          :     JUDGE GEORGE C. SMITH

Scott J. Van Steyn,             :     Magistrate Judge Kemp

        Defendant.              :
```

                     REPORT AND RECOMMENDATION

Plaintiff Howard Boddie, Jr., a former state prisoner proceeding *pro se*, filed this action under 42 U.S.C. §1983 against Scott J. Van Steyn. He has moved for leave to proceed in forma pauperis. The Court will grant the motion for leave to proceed in forma pauperis. For the following reasons, it will be recommended that the complaint be dismissed under 28 U.S.C. §1915(e).

                                I.

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if... (B) the action... is frivolous or malicious [or] fails to state a claim on which relief can be granted..."  The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to

immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972). The complaint will be evaluated under these standards.

II.

By way of background, Mr. Boddie, while incarcerated in the Chillicothe Correctional Institution, filed a virtually identical action against Dr. Van Steyn raising the same claims he raises here and sought leave to proceed in forma pauperis. His motion to proceed in forma pauperis was denied pursuant to the "three strikes rule" set forth in 28 U.S.C. §1915(g), which requires assessment of the full filing fee in a case brought by a prisoner who has had three or more prior cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. That case was ultimately dismissed for Mr. Boddie's failure to pay the filing fee in full as ordered. See Boddie v. Van Steyn, Case No. 2:15-cv-06 (S.D. Ohio Apr. 20, 2016).

III.

In his current complaint, Mr. Boddie alleges that Dr. Van Steyn "violated the physician patient relationship and disclosed confidential medical information to" three separate third parties on three separate occasions (Doc. 1 at 3). According to

-2-

the complaint, Dr. Van Steyn's alleged unauthorized disclosures to state officials constituted "violations of his First, Fourth, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendment Rights [that] subjected Plaintiff to wrongful detention...racial discrimination, denial of due process and access to the courts, and other related damages" (Id. at 9). He further alleges that Dr. Van Steyn conspired with state officials, therefore making him subject to liability under 42 U.S.C. §1983.

According to the complaint, in April, 2009, Mr. Boddie consulted Dr. Van Steyn about the possibility of reconstructive surgery on his left knee. According to the complaint, this surgery was completed on April 23, 2009. At that time, Mr. Boddie also was facing criminal charges, which required Dr. Van Steyn to communicate with state prosecutors and other officials regarding Mr. Boddie's surgical recovery. Mr. Boddie alleges that Dr. Van Steyn breached his duty of confidentiality by failing to respond to a state subpoena for medical records, and instead interacting with state prosecutors and divulging "half-lies" about Mr. Boddie's "race, physical dependency, drug and mental state" without consent (Id. at 15). Mr. Boddie alleges that these events caused him to miss his court date and ultimately resulted in his conviction and imprisonment. The three separate disclosures at issue in Mr. Boddie's complaint occurred in May and June, 2009. Consequently, these disclosures occurred on a date more than two years before Mr. Boddie filed his current complaint.

As another Judge of this Court has explained:

> Although the statute of limitations is normally an affirmative defense raised by defendants in an answer, "if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte." Watson v. Wayne County, 90 Fed.Appx. 814, 815 (6th Cir. 2004)(citing Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir. 1995)); see also Alston v.

> Tenn. Dep't of Corr., 28 Fed.Appx.475, 476 (6th Cir. 2002)("Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate."). Moreover, "[w]here a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)." Fraley v. Ohio Gallia Cnty., No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998). While state law provides the statute of limitations to be applied in a §1983 action, federal law governs when that limitations period begins to run. Sevier v. Turner, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when "the plaintiff knows or has reason to know of the injury which is the basis of his action." Id. at 273.

Hurst v. State of Ohio Bureau of Investigation and Identification, 2016 WL 1604553, *3 (S.D. Ohio April 22, 2016) (Marbley, J.).

The statute of limitations applicable to claims arising under 42 U.S.C. §1983 is the two-year statute of limitations for personal injury claims found in Ohio Revised Code §2305.10. Brown v. Pendleton, 869 F.2d 989 (6th Cir. 1989). Mr. Boddie did not file this case until January 10, 2017, a date well beyond the applicable limitations period. Additionally, according to the allegations of the complaint, Mr. Boddie knew that the alleged breach and injury occurred no later than May, 2009. According to Mr. Boddie, this was the time period during which the state prosecutor disclosed Dr. Van Steyn's "revelations" in open court. For these reasons, Mr. Boddie's claims are clearly time-barred.

Mr. Boddie's reliance on the Ohio savings statute in his complaint does not require a different result. According to Mr. Boddie's allegations, because he filed this action on January 10, 2017, and that date is within one year of the Court of

Appeals' most recent orders in Case No. 15-006, he has met the requirements for proceeding under that statute.

Certainly, "when applying a state's statute of limitations, this Court is required to use the state's procedural rules affecting that statute of limitations." Hendricks v. Kasich, 2016 WL 1019259, *2 (S.D. Ohio March 15, 2016), citing Coleman v. Department of Rehabilitation and Corrections, 46 Fed.Appx. 765 (6th Cir. 2002). The Ohio savings statute, codified in Ohio Rev. Code 2305.19, provides:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff...may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later….

The Court of Appeals has explained the Ohio statute in this way:

> The statute allows for the commencement of a new action within one year from the date of the failure of an original cause of action providing that four criteria have been met: "(1) the action must have been commenced or attempted to be commenced within the applicable period of limitations; (2) the failure of the plaintiff in the action was otherwise than upon the merits; (3) at the date of such failure, the time limit for commencing the action had expired; and (4) the plaintiff refiled the action within one year of such failure.

Johnson v. University Hospital of Cleveland, 46 Fed.Appx. 238, 243 (6th Cir. 2002), quoting Harris v. City of Canton, 725 F.2d 371, 375 (6th Cir. 1984).

Mr. Boddie fails the first prong of this test. He did not commence or attempt to commence his previous action within the applicable statute of limitations. As stated, the applicable statute of limitations for §1983 claims in Ohio is two years.

-5-

Mr. Boddie's previous action arose from the same alleged actions of Dr. Steyn in May, 2009. Mr. Boddie filed that action on January 2, 2015. That date also was well after the two-year statute of limitations had run. Because Mr. Boddie's previous action was not timely filed, the Ohio savings statute does not operate to preserve his claims in this case.

IV. Recommendation and Order

For all of the reasons stated above, the motion for leave to proceed in forma pauperis (Doc. 1) is granted. It is recommended that the complaint be dismissed under 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief can be granted based on the statute of limitations. It is further recommended that if this recommendation is adopted, a copy of the complaint, this Report and Recommendation, and the dismissal order be mailed to the defendant.

V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    /s/ Terence P. Kemp
    United States Magistrate Judge